**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2496-22

ROBERT EDWARDS,

    Plaintiff-Appellant,

v.

HOUSING AUTHORITY
OF PLAINFIELD, and
RANDALL WOOD,

    Defendants-Respondents.

_____

Submitted April 8, 2024 – Decided April 17, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3714-21.

Robert Edwards, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Robert F. Edwards appeals pro se from the Law Division's March 10, 2023 order granting summary judgment in favor of defendants Housing Authority of Plainfield and Executive Director Randall Wood for failure to serve a timely notice of tort claim pursuant to the Tort Claims Act ("TCA"), N.J.S.A. 59:8-1 to 8-11, and denying his motion for leave to serve a late notice of claim. Based on our review of the record and the applicable principles of law, we affirm.

The following facts are derived from the record. On October 26, 2021, plaintiff filed a complaint against defendants alleging that on November 12, 2019, he was physically "assaulted" when a bullet entered his apartment and lodged in his kitchen wall causing "apprehension of physical harm." The complaint alleged defendants failed to "provide adequate security in a drug selling, high-crime neighborhood and [created] a foreseeable risk of harm to tenants." Plaintiff asserted claims based on negligence, liability for foreseeable criminal conduct, and violation of the implied warranty of habitability.

On May 17, 2022, the court entered default against defendants. On July 21, plaintiff filed a motion for default judgment. On August 23, defendants filed a cross-motion to vacate default. On August 30, plaintiff filed opposition to defendants' cross-motion. On September 23, the court heard oral argument and

granted defendants' cross-motion to vacate default and denied plaintiff's motion for default judgment. On October 26, defendants answered plaintiff's complaint.

On December 2, defendants moved for summary judgment arguing plaintiff did not serve a timely notice of tort claim in violation of the TCA. On December 22, plaintiff opposed defendants' motion contending the court did not have jurisdiction to hear the motion.

On January 20, 2023, the court heard oral argument. Plaintiff argued the court did not have jurisdiction to decide the summary judgment motion because the court improperly granted defendants' motion to vacate default. More particularly, plaintiff argued he was not timely served with the motion to vacate default even though he filed opposition to it and participated in oral argument. Plaintiff also contended he served a timely notice of tort claim within ninety days as required by the TCA. At the conclusion of oral argument, the court permitted plaintiff an opportunity to provide a copy of the tort claim notice he purportedly served. On January 26, plaintiff filed a "motion for exceptional circumstances" seeking leave to serve a late notice of tort claim, which defendants opposed. There is no proof in the record that plaintiff served a timely notice of tort claim before he filed his complaint.

A-2496-22

On March 10, 2023, the court granted defendants' motion for summary judgment and denied plaintiff's "motion for exceptional circumstances," supported by a written statement of reasons. The court rejected plaintiff's jurisdictional argument and determined defendants' motion for summary judgment was properly filed. The court found plaintiff did not serve a timely notice of tort claim before filing his complaint on October 26, 2021, which was more than ninety days after the alleged incident on November 12, 2019.[1] The court also found plaintiff did not set forth "any circumstances that could be remotely classified as extraordinary circumstances and therefore justify an untimely filing," and did not seek leave to serve a late notice of tort claim within one year after accrual of the claim.

On appeal, plaintiff argues the court lacked jurisdiction to enter summary judgment and violated his right to due process. Plaintiff argues defendants' uncured default and untimely, fabricated cross-motion to vacate default deprived

---

[1] The court incorrectly stated plaintiff filed his complaint on December 16, 2021. The court also mistakenly determined plaintiff filed the complaint more than two years after the alleged incident. Those discrepancies, however, are not material to our determination that plaintiff failed to serve a timely notice of tort claim as required by the TCA.

A-2496-22

the court of jurisdiction. More particularly, plaintiff argues he did not receive timely notice of the cross-motion to vacate default.[2]

We review a grant of summary judgment de novo, using the same standard that governed the trial court's decision. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We owe no special deference to the court's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)). Summary judgment will be granted when "the competent evidential materials submitted by the parties[,]" viewed in the light most favorable to the non-moving party, show that there are no "genuine issues of material fact and . . . the moving party is entitled to summary judgment as a matter of law." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 23-24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

---

[2] Plaintiff does not appeal from the October 12, 2022 order granting defendants' cross-motion to vacate default. Rule 2:5-1(f)(2)(ii) provides, in civil actions, the notice of appeal "shall also designate the judgment, decision, . . . or part thereof appealed from . . . ." Failure to comply with this rule permits our refusal to consider its merits. See, e.g., Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div. 1994). In appropriate circumstances, we have overlooked a party's failure to designate an order in the notice of appeal. See N. Jersey Neurosurgical Assocs. v. Clarendon Nat'l Ins. Co., 401 N.J. Super. 186, 196 (App. Div. 2008). We opt to do so in this case.

A-2496-22

Pursuant to the TCA, a notice of tort claim must be served within ninety days of the accrual of the claimant's cause of action. N.J.S.A. 59:8-8; H.C. Equities, LP v. Cty. of Union, 247 N.J. 366, 370 (2021). A claimant may seek leave to serve a late notice of claim within one year of the claim's accrual. N.J.S.A. 59:8-9; H.C. Equities, 247 N.J. at 370. The claimant must provide the court a "motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for [the] failure to file notice of claim within the period of time prescribed by section 59:8-8." N.J.S.A. 59:8-9.

We affirm substantially for the reasons set forth in the court's March 10, 2023 statement of reasons. We add the following comments.

Plaintiff does not address the merits of the court's order granting summary judgment. We are, however, satisfied the court properly granted summary judgment. Plaintiff did not offer any evidence to demonstrate he served a timely notice of tort claim. The court correctly determined plaintiff did not serve a notice of tort claim within ninety days as required by N.J.S.A. 59:8-8. The court also correctly found plaintiff was precluded from seeking leave to serve a late notice of claim pursuant to N.J.S.A. 59:8-9 because he did not do so within one year of the accrual of the claim. The court properly concluded plaintiff did not

A-2496-22

demonstrate a genuine issue of material fact that would preclude the entry of summary judgment and plaintiff's claims were barred for failure to comply with the tort claim notice requirements of the TCA.

We are not persuaded by plaintiff's argument that the court improperly granted defendants' motion to vacate default. We review a decision on a motion to vacate default for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).

Rule 4:43-3 provides "[f]or good cause shown, the court may set aside an entry of default . . . ." Motions to vacate default "should be viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached . . . .'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-84 (1994) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). Trial courts are vested with sound discretion to grant or deny such motions but should resolve all doubts in favor of a party seeking relief. Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993).

Plaintiff's claim that the court improperly granted the motion to vacate default because he did not receive timely notice of the motion lacks merit. The record demonstrates plaintiff filed opposition to the motion and participated in

A-2496-22

oral argument. Plaintiff does not offer any other basis to conclude the court abused its discretion by granting the motion. Based on the record before us, there is no reason to disturb the court's order vacating default. For the same reasons, plaintiff's argument that the court lacked jurisdiction to decide defendants' motion for summary judgment is without merit. Having vacated default, the court properly considered defendants' motion for summary judgment.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION